IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ANTONIO E. RIVERA RÍOS<br><br>Plaintiff<br><br>v.<br><br>RG ENGINEERING, INC., MICHELLE CAMINO<br><br>Defendants | Civil No. _____<br><br>Trial by Jury Demanded |

## COMPLAINT AND DEMAND FOR JURY TRIAL

TO THE HONORABLE COURT:

COMES now plaintiff, Eng. Antonio E. Rivera Ríos ("Eng. Rivera"), represented by his undersigned counsel and very respectfully alleges and prays as follows:

1. This is a civil action for wrongful, illegal, discriminatory, and retaliatory termination of employment due to plaintiff being a U.S. military serviceman and interference of rights under federal and Puerto Rico law.

2. Plaintiff, Eng. Antonio Rivera Ríos ("Eng. Rivera") was terminated in his employment with RG Engineering, Inc. ("RG") in violation of the Uniformed Services Employment and Reemployment Rights Act of 1994, 38 U.S.C. Section 4301 to 4333 ("USERRA"). The adverse employment actions suffered by Eng. Rivera were motivated by his compliance with his duties and obligations as a U.S. military servicemen.

3. Federal question jurisdiction is invoked in this action under the mentioned federal legislation as established by 28 U.S.C. 1331 and 38 U.S.C. 4323 (b).

4. Also, this Court's supplementary jurisdiction is invoked to entertain Puerto Rico law claims for wrongful and discriminatory termination under the "Puerto Rico Unjust Dismissed

1

Act" 29 Laws of P.R. Anno. 185a et seq, Law 80-1976, as amended, ("Law 80") and the "Puerto Rico Discrimination Act", 29 Laws of P.R. Anno. 146 et seq, Law 100-1959, as amended ("Law 100") and the Puerto Rico Anti-Reprisal Act; Law 115-1991, 29 Laws of P.R. Anno. 195 et seq, as amended ("Law 115").

5. Under USERRA those individual persons who violate the Act shall face individual liability when it is established that the individual in question has control over employment decisions or have been delegated employment related responsibility by an employer. 38 U.S.C. 4303 (4) (A) (i).

6. Eng. Rivera is an Electrical Engineer. For the past sixteen (16) years he worked as a Sales Manager in the Transmission and Distribution (T&D) Department of RG. He started to work for RG on 2004. He was terminated in his employment in RG on October 31st, 2020.

7. Eng. Rivera since the beginning of his tenure in RG informed that he was part of the Air National guard and that so entailed at least or fifteen (15) days yearly training session.

8. During the summer of 2007, Eng. Rivera had his first real world military activation when he was activated to served in the desert for forty (45) days.

9. Thereafter in the year 2010, Eng. Rivera was activated again, this time for sixty (60) days.

10. Up and until 2020, RG had never openly expressed any issue regarding Eng. Rivera's military duties and obligations.

11. During all his prior activations Eng. Rivera had been given access to his corporate e-mail. This allowed him to assist on projects even on the other side of the world.

12. On one instance, Mr. Luis Fabre, RG's Vicepresident, asked Eng. Rivera as to when his military services would come to an end.

13. On October 1, 2019, Eng. Rivera was activated for a third time, but this time was for three hundred and sixty one (361) days.

14. During this activation unlike the other instances, RG blocked Eng. Rivera's access to his corporate e-mail since day one. That meant that he could not help during his free time on company projects, something he had done in his previous activations.

15. Work on his free time allowed Eng. Rivera to follow up on old projects as well as work helping in new projects.

16. When his three hundred and sixty one days (361) military activation was going to come to its conclusion, Eng. Rivera called RG to coordinate his employment reinstatement.

17. Mrs. Eva Rivera, RG's Human Resources Office, instructed Eng. Rivera to report on Monday October 12th, 2020.

18. On October 12th, 2020 Eng. Rivera had a telephone conference with Mr. José Robles (formerly Director of RG's Mechanical Division and then RG's Director of Operations) and Mr. Andy Valiente (who had been hired in January 2020 to do Eng. Rivera's job during his last military activation). In said telephone conference it was established that Mr. Andy Valiente would take over bigger projects and that Eng. Rivera would be resuming his sole in other projects.

19. On Wednesday October 14th, 2020, Eng. Rivera received an e-mail communication by Mrs. Michelle Camino ("Camino"), RG's Vicepresident, requesting a report on a recent sales meeting and informing that she needed it by Wednesday October 21st, 2020.

20. Eng. Rivera duly complied. Nevertheless, Camino demanded more or supplementary information, that included a list of Eng. Rivera's clients. The task was to be concluded by Friday October 30th, 2020.

21. Shortly after Eng. Rivera had tendered his supplementary report (included a List of his actual clients) he receives an e-mail communication by Camino informing him that his services in RG were not needed any longer. Also, informing that Eng. Rivera would have to stop by RG's offices on Monday November 2nd, 2020 to turn over any corporate property in his possession.

22. Eng. Rivera's termination and other adverse employment actions suffered by him violate the federal and local legislation invoked in this action, RG and Camino's adverse employments actions against Eng. Rivera were motivated by his duties and obligations as a U.S. military serviceman.

23. Eng. Rivera is an employee covered by all federal and local legislation invoked in this action.

24. RG is an employer covered by all the federal and local legislation invoke in this action.

25. Camino is an employer and individually liable as defined by USERRA because she is an individual with control are employment decisions and also, had been delegated employment related responsibility by RG and, thus, covered by 38 U.S.C. 4303 (4) (A) (i) definition of the term "employer".

26. Eng. Rivera is entitled to all remedies afforded to him by the federal and local legislation invoked in this action (because his termination of employment and other adverse employment actions suffered violated said laws) that includes: compensatory damages (for the mental anguishes and pain suffered by Eng. Rivera calculated in an amount no less than $1,000,000.00); loss of income and benefits (to be calculated at a yearly rate of $48,000.00 base pay, plus commissions); double damages; liquidated damages; reinstatement (and if not practicable front pay); pre and post judgment interest; Attorneys' fees and costs and litigation express.

27.     RG and Camino's conduct was willful and thus, they are required to pay liquidated damages in on amount equal to amount Eng. Rivera's lost wages and benefits. There is an USERRA's willful violation when the actors either knew or showed reckless disregard for the matter or whether the conduct was prohibited by USERRA.

28.     Upon Eng. Rivera's termination he was not paid commissions owned as part of his employment agreement. RG was contractually obliged to pay Eng. Rivera's commissions. Payment of commissions accrued when RG's client effectively pay the total price of the purchase agreement. The commissions were 10% of the profit of sales as established by agreement between Eng. Rivera and RG. Commissions owned are calculated in an amount not less than $150,000.00, plus applicable penalty and interests.

29.     On November 2nd, 2020 when Eng. Rivera visited RG's offices to return all company property he requested back his AT&T phone number. RG claims it is their number and refused to more along with the transfer process. Happens to be that said number had been Eng. Rivera's number for some twenty (20) years even before starting to work for RG. RG added Eng. Rivera's number to its contract with AT&T, yet was still his number. Eng. Rivera seeks here an affirmative order for the tendering back of his telephone number. RG's conduct of refusing Eng. Rivera's request was retaliatory.

Wherefore Eng. Rivera requests in this action the following remedies:

A) Trial by jury is demanded.

B) That RG and Camino be found to have terminated Eng. Rivera in violation of USERRA and that there actions were discriminatory, retaliatory and, an interference with rights under USERRA.

C) That RG be found liable under Puerto Rico law for Eng. Rivera's termination, discrimination, retaliation and interference of rights.

D) That all loss or of income back pay and employment benefits be compensated.  Back pay to be calculated it a yearly salary rate of $48,000.00, this commissions.

E) That commission due be payroll in an amount not less than $150,000.00, plus penalties and interests.

F) Eng. Rivera suffered mental pain and anguishes and be compensated it an amount of no less than $1,000,000.00.

G) That liquidated and punitive damages under federal I now be awarded.

H) That double damages under Puerto Rico Law be awarded.

I) That reinstatement of employment be ordered, if not practicable, then an award of front pay to follow.

J) That attorney's fees, costs, and litigation expenses be taxed.

K) That the Court enter any appropriate declaratory and injunctive relief to vindicate Eng. Rivera's rights under federal and local law, including but not limited to returning Eng. Rivera's telephone number.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this 18th day of December, 2020.

s/Enrique J. Mendoza Méndez
Enrique J. Mendoza Méndez
USDC-PR No. 202804

**MENDOZA LAW OFFICES**
P.O. Box 9282
San Juan, Puerto Rico 00908-0282
Telephone: (787) 722-5522; 5530; 5540
Facsimile:  (787) 723-7057
Email: mendozalo@yahoo.com