IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

ANTONIO E. RIVERA-RIOS,

   Plaintiff,

      v.                                       CIVIL NO. 20-1733 (PAD)

RG ENGINEERING, INC., ET AL.,

   Defendants.

**MEMORANDUM AND ORDER**

Delgado-Hernández, District Judge.

     Antonio E. Rivera-Ríos sued RG Engineering, Inc., ("RGE") and Michelle Camino under the Uniformed Services Employment and Reemployment Rights Act, 38 U.S.C. §§ 4301 et seq. ("USERRA"), and Puerto Rico law.[1] Before the court is defendants' "Motion to Dismiss" (Docket No. 8), which plaintiff opposed in part (Docket No. 11-1).

     First, defendants correctly assert that plaintiff is barred from recovering emotional damages under USERRA (Docket No. 8, at pp. 5-6), a proposition with which plaintiff agrees (Docket No. 11-1, at pp. 1-2). Thus, plaintiff's claim for emotional damages under USERRA must be dismissed.

     Second, plaintiff alleges that, after being terminated, he requested RGE to return "his AT&T phone number" but that RGE refused, claiming that the number belonged to the company. (Docket No. 1, at p. 5). Plaintiff asserts that he has had that same phone number for over 20 years, from even before he started working at RGE, and posits that RGE's refusal to return the number was

---

[1] Namely, Law 80 of May 30, 1976, P.R. Laws Ann. tit. 29, §§ 185a et seq. ("Law 80"); Law 100 of June 30, 1959, P.R. Laws Ann. tit. 29, § 146 et seq. ("Law 100"); and Law 115 of December 20, 1991, P.R. Laws Ann. tit. 29, § 194 et seq. ("Law 115").

retaliatory. Id.  Defendants claim that dismissal is appropriate, pointing out that neither USERRA nor Puerto Rico law provides for such remedy as recovery of a telephone number (Docket No. 8, at p. 6).  Plaintiff counters that defendants' action was retaliatory and, as such, USERRA, Puerto Rico laws and the court's equitable power provide for redress (Docket No. 11-1, at pp. 2-3).

Defendants have not presented case law and/or legal authorities analyzing this factual situation under the rubric of retaliation for purposes of USERRA or Puerto Rico law.  That being so, the request to dismiss this retaliation claim under Rule 12(b)(6) must be denied.  Accordingly, defendants' "Motion to Dismiss" (Docket No. 8) is GRANTED IN PART and DENIED IN PART.  The USERRA emotional damages claim is dismissed.  All other claims remain.  Defendants shall answer the complaint not later than March 31, 2022.  The court will not entertain motions for judgment on the pleadings.  A scheduling order will follow.

**SO ORDERED.**

In San Juan, Puerto Rico, this 16th day of March, 2022.

s/Pedro A. Delgado-Hernández
PEDRO A. DELGADO-HERNÁNDEZ
United States District Judge